UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASSANDRA J. BRUCE,

     Plaintiff,                 NO. 2:15-cv-11194

v                          HON. GERSHWIN A. DRAIN

MICHIGAN DEPARTMENT OF     MAG. MICHAEL HLUCHANIUK
CORRECTIONS, DANIEL H.
HEYNS, MILLICENT
WARREN, JOANN KOCISKY,
MS. DICK, MR. BURNETT,
RUO COOK, ARUS PERRY,
UNNAMED EMPLOYEES OF
HURON VALLEY
CORRECTIONAL FACILITY,
UNNAMED EMPLOYEES OF
HURON VALLEY
CORRECTIONAL FACILITY'S
HEALTHCARE AND
OPTOMETRY
DEPARTMENTS,

     Defendants.

_____

Teresa J. Gorman (P61001)     A. Peter Govorchin (P31161)
Attorney for Plaintiff          Attorney for Defendant MDOC
363 W. Big Beaver Rd. Suite 215   Michigan Department of Attorney General
Troy, MI 48083              Corrections Division
(248) 457-6005             P.O. Box 30217
                         Lansing, MI  48909
                         (517) 335-7021

_____/

## DEFENDANT MDOC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant MDOC brings this motion to dismiss under Fed. R. Civ. P. 12(b)(6) and asks the Court to enter an order dismissing Plaintiff's complaint with prejudice and granting judgment in its favor, for the reason that Plaintiff has failed to state a claim upon which relief may be granted, as more fully set forth in Defendant's accompanying brief. Defendant MDOC to the best of its' knowledge is the only Defendant named in Plaintiff's complaint to have been served.

WHEREFORE, Defendant respectfully requests that this Court grant its motion and issue an order entering judgment in its favor, dismissing Plaintiff's complaint against it with prejudice, and awarding further relief as this Court finds just and proper.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ A. Peter Govorchin
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
P31161

Dated:  April 21, 2015

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASSANDRA J. BRUCE,

     Plaintiff,                      NO. 2:15-cv-11194

v                            HON. GERSHWIN A. DRAIN

MICHIGAN DEPARTMENT OF     MAG. MICHAEL HLUCHANIUK
CORRECTIONS, DANIEL H.
HEYNS, MILLICENT
WARREN, JOANN KOCISKY,
MS. DICK, MR. BURNETT,
RUO COOK, ARUS PERRY,
UNNAMED EMPLOYEES OF
HURON VALLEY
CORRECTIONAL FACILITY,
UNNAMED EMPLOYEES OF
HURON VALLEY
CORRECTIONAL FACILITY'S
HEALTHCARE AND
OPTOMETRY
DEPARTMENTS,

     Defendants.

_____

| | |
|---|---|
| Teresa J. Gorman (P61001) | A. Peter Govorchin (P31161) |
| Attorney for Plaintiff | Attorney for Defendant MDOC |
| 363 W. Big Beaver Rd. Suite 215 | Michigan Department of Attorney General |
| Troy, MI 48083 | Corrections Division |
| (248) 457-6005 | P.O. Box 30217 |
| | Lansing, MI 48909 |
| | (517) 335-7021 |

_____/

## DEFENDANT MDOC'S BRIEF IN SUPPORT OF THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## CONCISE STATEMENT OF ISSUES PRESENTED

I.     42 U.S.C. § 1983, the federal civil rights act, does not contain an applicable statute of limitations.  Federal courts, including the Supreme Court apply the most analogous state limitations period to § 1983 claims.  Michigan has adopted a 3 year statute of limitations for personal injury claims.  Should the Court dismiss Plaintiff's § 1983 claim as she failed to bring it within the applicable 3 year limitations period?

   Defendant's answer "Yes."

II.    The Americans with Disabilities Act does not contain an applicable statute of limitations.  The Sixth Circuit Court of Appeals has held that the most analogous state statute of limitations for personal injury is applicable to claims brought under the ADA.  Michigan has adopted a 3 year limitations period of personal injury claims.  Should the Court dismiss Plaintiff's ADA claim, as she failed to bring it within the applicable 3 year limitations period?

   Defendant's answer "Yes."

III.   Under Article III to the United States Constitution, federal courts may only consider a live controversy.  A case is moot when the parties lack a legally cognizable interest in the outcome of the case, which occurs when the court is unable to provide any relief to redress the Plaintiff's alleged injury.  Here, the Plaintiff's claim under the Americans with Disabilities Act is moot, as she was afforded relief.  Should the Court dismiss Plaintiff's ADA claim against the Defendants, where a judgment in favor of the Plaintiff would not provide her any relief to redress her alleged injury?

   Defendant's answer "Yes."

**IV.**   The Americans with Disabilities Act does not allow for the recovery of punitive damages, nor does the ADA allow for the recovery of compensatory damages in suits brought against individuals.  Here, Plaintiff is suing individuals, and requests to recover compensatory and punitive damages.  Should the Court dismiss Plaintiff's request for punitive damages, and dismiss Plaintiff's request for compensatory damages to the extent she is suing individuals under the ADA?

   Defendant's answer "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**I.**   ***Statute of Limitations and Claims under 42 U.S.C.  §1983***

   Under 42 USC § 1983 federal courts look to the pertinent limitations period, which is determined by state law for personal-injury torts.  See *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261 (1985) (reversed on other grounds).  The Sixth Circuit Court of Appeals has held "that Michigan's three year statute of limitations for personal injury claims, Mich. Comp. Laws Ann. § 600.5805(8) . . . governs section 1983 actions when the cause of action arises in Michigan."  *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

**II.**   ***Statute of Limitations and Claims under the Americans with Disabilities Act***

"Because there is no statute of limitations under the ADA, courts must borrow a statute of limitations from the most analogous state cause of action." *McCormick v. Miami Univ.*, 693 F.3d 654, 663-64 (6th Cir. 2012). The Sixth Circuit has applied the statute of limitations for personal injury actions to an ADA claim . . . . *Id.*

### III. *Mootness and the Americans with Disabilities Act Claim*

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party does not have a legally cognizable interest in the outcome of a case when the court cannot provide any relief that would redress the alleged injury. *Id.*

### IV. *Damages recovery in suits brought under the Americans with Disabilities Act*

The ADA does not impose liability upon individuals acting in their individual capacities. *Everson v. Leis,* 556 F.3d 484, 501 n. 7 (6th Cir. 2009). Furthermore, Punitive damages may not be awarded in suits brought under the Americans with Disabilities Act. *Barnes v. Gorman,* 536 U.S. 181, 189 (2002).

iii

## STATEMENT OF FACTS

This civil rights action brought by a former prisoner is a textbook example of a person sitting on their rights and failing to take action when it was pertinent to do so.  This case is brought by Cassandra Bruce # 502798 (hereinafter "Plaintiff"), a parolee currently under the supervisory authority of the Michigan Department of Corrections. Plaintiff alleges violations of her rights under the Eighth Amendment, Fourteenth Amendment, and the Americans with Disabilities Act. Defendant MDOC to the best of its' knowledge is the only Defendant named in Plaintiff's complaint to have been served.

The events giving rise to Plaintiff's complaint took place while she was incarcerated at the Women's Huron Valley Correctional Facility (WHV) located in Ypsilanti, Michigan.  Plaintiff is presently on parole, and is under the supervision of the Michigan Department of Corrections Genesse-Flint parole office.

Plaintiff's action centers on her alleged mistreatment, and the mistreatment of her vision impairment while incarcerated at WHV. Plaintiff alleges in her complaint that on or around February 2, 2007, she first experienced blurred vision after waking up with it. (Dk. # 1,

1

Pg. ID 5).  Plaintiff alleges she sent a request for a vision check, and was subsequently seen for an optometric vision screening on or around April 4, 2007.  (Dk. # 1, Pg. ID 5).  The vision screen revealed Plaintiff had developed cataracts, and as a result, she was referred to a non-MDOC physician, Dr. Lavery of TLC Eyecare and Laser Centers.  (Dk. # 1, Pg. ID 5).  Plaintiff alleges she underwent a second optometric vision screening on July 24, 2007, which resulted in a second referral to Dr. Lavery.  (Dk. # 1, Pg. ID 5).

Plaintiff had the appointment with Dr. Lavery on August 21, 2007.  (Dk. # 1, Pg. ID 6).  Dr. Lavery diagnosed Plaintiff with cataracts in both eyes, and recommended she undergo surgical procedures to have the cataracts removed.  (Dk. # 1, Pg. ID 6).  Plaintiff states that by September 2007, she was no longer able to participate in building trade courses due to her vision impairment, and as a result, Plaintiff was placed on unemployable status.  (Dk. # 1, Pg. ID 6).  Plaintiff alleges she filed grievances regarding her unemployable status, asserting she was placed on regular as opposed to medical unemployable status.  (Dk. # 1, Pg. ID 7).  Plaintiff asserts her placement on regular unemployable status caused her injury.  (Dk. # 1, Pg. ID 7).

2

Plaintiff had a third appointment with Dr. Lavery on or around March 21, 2008, at which point it was determined Plaintiff's cataracts had totally impaired her vision.  (Dk. # 1, Pg. ID 8).  Shortly thereafter, on April 23, 2008, Plaintiff underwent a cataract removal procedure for her left eye, and on April 30, 2008, the same procedure for her right eye.  (Dk. # 1, Pg. ID 8).  Plaintiff alleges that by not having the cataract removal surgery immediately after she was diagnosed, she suffered significant injury.  (Dk. # 1, Pg. ID 8).  Plaintiff delayed bringing her suit until almost 7 to 8 years after the events she alleges gave rise to her injury occurred.  Plaintiff claims the delay in filing suit was because she feared "further discrimination, harassment and retaliation."  (Dk. # 1, Pg. ID 9).

## ARGUMENT

Under Fed. R. Civ. P. 12(b)(6), a district court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hison v. King & Spaulding*, 467 U.S. 69, 73 (1984), citing, *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957).   "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the [c]ourt to construe the complaint in the light most

3

favorable to the plaintiff, accept all of the complaint's factual

allegations as true and determine whether the plaintiff undoubtedly

can prove no set of facts in support of the claims that would entitle

relief." *Grindstaff v. Green*, 113 F.3d 416, 421 (6th Cir. 1998) (citing

*Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.

1990), *cert. denied*, 498 U.S. 867 (1990)).  However, "the [c]ourt need not

accept as true legal conclusions or unwarranted factual inferences."

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987);

*Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  The court is

"required to accept only well-pleaded facts as true, not the legal

conclusions that may be alleged or that may be drawn from the pleaded

facts." *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971).

I.    **Plaintiff's 42 U.S.C. § 1983 claim is barred as she failed to bring it within the applicable 3 year statute of limitations.**

Federal courts assessing statute of limitations arguments under

42 USC § 1983 look to the pertinent limitations period determined by

state law for personal-injury torts.  *Wallace v. Kato*, 549 U.S. 384, 387

(2007); *Wilson v. Garcia*, 471 U.S. 261 (1985) (reversed on other

grounds).  The Sixth Circuit Court of Appeals has held "that Michigan's

4

three year statute of limitations for personal injury claims contained in Mich. Comp. Laws § 600.5805(8) . . . governs section 1983 actions when the cause of action arises in Michigan." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

Michigan has set a three year statute of limitations for personal injury actions.  See Mich. Comp. Laws § 600.5805(8).  Moreover, in 1993, the Michigan Legislature passed an amendment to the state's tolling statute that removed imprisonment as a disability, 1993 Public Act 78, effective April 1, 1994.  Codified in Mich. Comp. Laws § 600.5851(9), the amendment provides:

> If a person was serving a term of imprisonment on the effective date of the 1993 amendatory act that added this subsection, and that person has a cause of action to which the disability of imprisonment would have been applicable under the former provisions of this section, an entry may be made or an action may be brought under this act for that cause of action within 1 year after the effective date of the 1993 amendatory act that added this subsection, or within any other applicable period of limitation provided by law.

The question of when a civil rights claim accrues is a matter of federal law.  *LRL Properties v. Portage Metro Hous.  Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir. 1984).  Generally, a civil rights action accrues for statute of limitations

purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action.   *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier* 742 F.2d at 273.  "A plaintiff has reasons to know of his injury when he should have discovered it through the exercise of reasonable diligence."  *Sevier* 742 F.2d at 273.

Plaintiff filed this case on March 30, 2015.  Contrarily, Plaintiff's complaint states that the incidents which gave rise to her cause of action occurred between 2007 and 2008.  Plaintiff asserts in her complaint that she had knowledge of her vision impairment and her alleged injury during 2007 and 2008, yet despite her knowledge, waited to bring suit until more than 7 years after her claim accrued.  (Dk. # 1, Pg. ID 5-9).  More specifically, Plaintiff states in her complaint that on February 2, 2007, she first became aware of a vision problem when she awoke to discover her vision was blurred.  (Dk. # 1, Pg. ID 5, ¶ 22). February 2, 2007, is a full 8 years and 2 months from the date Plaintiff filed her complaint, well beyond the 3 year period of the statute of limitations.

Even assuming February 2, 2007, was not the date Plaintiff became aware of her vision problem, Plaintiff surely knew by April 4,

6

2007, when she underwent a vision screening and was diagnosed with cataracts. April 4, 2007, was almost a full 8 years from the date Plaintiff filed her complaint, well beyond the 3 year period of the statute of limitations. Plaintiff may assert she was not fully aware of her injury until after her July 24, 2007 optometric screening, which revealed her vision had become more impaired; Plaintiff was again referred to Dr. Lavery. (Dk. # 1, Pg. ID 5). Unfortunately for Plaintiff, July 2007, was approximately 7 years and 8 months before the date Plaintiff filed her complaint, this too was well beyond the 3 year period of the statute of limitations.

Plaintiff may assert her injury did not come until September 2007, when she was unable to continue her building trades courses due to her vision. (Dk. # 1, Pg. ID 6, ¶ 33). However, September 2007 is too attenuated from March 30, 2015, to avoid being barred by the statute of limitations. Plaintiff may even assert her injury did not arise until November 14, 2007, when she filed a grievance related to her placement on regular rather than medical unemployable status, which she alleges resulted in her being denied privileges. (Dk. # 1, Pg. ID 7, ¶¶ 36-37). Even then, November 14, 2007, was approximately 7 years and 4.5

7

months from the date Plaintiff filed her complaint, well beyond the 3 year period of the statute of limitations.

Even assuming Plaintiff did not become "aware" of her injury until her 2008 cataract surgeries that is also too attenuated from the date she filed her complaint to constitute a claim not barred by the statute of limitations.

In sum, Plaintiff's claims under 42 U.S.C. § 1983 are clearly stale because her complaint was not filed until March 30, 2015.  Given her filing date, claims that accrued prior to March 30, 2012, are barred by the statute of limitations.  Therefore, this Court should dismiss Plaintiff's claims, as Plaintiff's complaint fails to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## II.   Plaintiff's ADA claim is barred as she failed to bring it within the applicable 3 year statute of limitations.

Title II of the Americans with Disabilities Act (ADA) prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

Because there is no statute of limitations under the ADA, courts must borrow a statute of limitations from the most analogous state cause of action. *McCormick v. Miami Univ.*, 693 F.3d 654, 663-64 (6th Cir. 2012). The Sixth Circuit "has previously applied the statute of limitations for personal injury actions to an ADA claim . . . ." *Id.* The *McCormick* Court analyzed *Lewis v. Fayette County Detention Ctr.,* No. 99–5538, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000) (unpublished case), in which [t]he Court observed:

> State statutes of limitations for personal injuries govern claims under the federal constitution and 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 280 [105 S.Ct. 1938, 85 L.Ed.2d 254] (1985). Under the same *Wilson* analysis, courts faced with ADA or Rehabilitation Act claims have also looked to the state's statute of limitations for personal injury actions.

*Id.* (citing *Everett v. Cobb Cnty. Sch. Dist.,* 138 F.3d 1407, 1409-10 (11th Cir.1998); *Soignier v. Am. Bd. of Plastic Surgery,* 92 F.3d 547, 550-51 (7th Cir.1996)).

Again, Plaintiff did not file her complaint until March 30, 2015. Plaintiff's complaint states that the incidents which gave rise to her cause of action occurred between 2007 and 2008. Plaintiff asserts in her complaint that she had knowledge of her vision impairment and her alleged injury during 2007 and 2008, yet despite her knowledge, waited

to bring suit until more than 7 years later.  (Dk. # 1, Pg. ID 5-9).

Plaintiff states in her complaint that on February 2, 2007, she first

became aware of a vision problem when she awoke to discover her

vision was blurred.  (Dk. # 1, Pg. ID 5, ¶ 22).  February 2, 2007, is a full

8 years and 2 months from the date Plaintiff filed her complaint, well

beyond the 3 year period of the statute of limitations.

    Plaintiff may assert she was not aware of her injury until

September 2007, when she was discontinued from her building trade's

courses due to her vision impairment.  (Dk. # 1, Pg. ID 6, ¶ 33).

However, September 2007, is too attenuated from March 30, 2015, to

qualify as a valid claim under the applicable statute of limitations.

Alternatively, Plaintiff may assert her injury did not arise until

November 14, 2007, when she filed a grievance related to her placement

on regular rather than medical unemployable status, which she alleges

resulted in her being denied certain privileges. (Dk. # 1, Pg. ID 7, ¶¶ 36-

37).  Unfortunately, November 14, 2007, was approximately 7 years and

4.5 months from the date Plaintiff filed her complaint, well beyond the 3

year period of the statute of limitations.  Even assuming Plaintiff did

not become "aware" of her injury until 2008, that time frame is too

attenuated from the date she filed her complaint to bring her claim within the applicable period of limitations.

All told, Plaintiff's claims under the Americans with Disabilities Act are clearly stale and because her complaint was not filed until March 30, 2015, claims that accrued prior to March 30, 2012, are barred by the statute of limitations. Therefore, this Court should dismiss Plaintiff's ADA claims as the complaint fails to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## III.   Plaintiff's ADA claim is moot as a judgment in her favor would not provide her with any cognizable recovery.

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *L.A. Cnty. v. Davis,* 440 US 625, 631 (1979), (citing *Powell v. McCormack,* 395 US 486, 496 (1969)). The Supreme Court has created a two-part test to determine whether a case is moot:

> (1) When it can be said with assurance that "there is no reasonable expectation" that the alleged violation will recur, and (2) When interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

*L.A. Cnty* 440 U.S. at 631 (citations omitted). Additionally, "[A] case is moot when the issues presented are no longer 'live' or the parties lack a

11

legally cognizable interest in the outcome." *Harmon v. Holder* 758 F.3d 728, 733 (6th Cir. 2014) (citing *L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1972)).  A party has a cognizable interest in the outcome if he has "suffered, or [is] threatened with, an actual injury traceable to the government and if the injury is likely to be redressed by a favorable judicial decision." *Harmon* 758 F.3d at 733. (internal quotation marks omitted).

Here, Plaintiff's alleged injury is unlikely to be redressed by favorable judicial determination, as she underwent a surgical procedure to correct her vision, allowing her to continue her normal prison routine.  (See Dk. # 1, Pg. ID 8, ¶¶ 48-49).  Moreover, Plaintiff is no longer in prison, as she has been on parole for a little over one year.  As a result, any claims for injunctive relief Plaintiff may have are moot. Plaintiff's alleged injury appears to be the result of her placement on regular as opposed to medical unemployable status.  Plaintiff asserts that as a result of this she was not allowed to perform her porter duties, was harassed by MDOC employees, and denied certain privileges, which she alleges was tantamount to punishment.  (Dk. # 1, Pg. ID 7).

Under the Supreme Court's mootness test, it is the Defendants' burden to prove that there is no reasonable expectation that the alleged violation will recur and that any interim relief has eradicated the effects of the alleged violation.  Under the first prong of the test, there is no reasonable expectation that Plaintiff will suffer another incident of the sort described in her complaint.  Plaintiff's denial of privileges, inability to continue her coursework, and inability to work in a prison assignment were linked to her vision impairment, which has been surgically corrected.  Under the second prong of the test, it can be said that Plaintiff has been afforded relief, because she had surgery to remove her cataracts, which allowed her to resume a normal prison routine.  Plaintiff's subsequent parole has mooted any claim for injunctive relief as she is no longer available for any prison work assignment.

Consequently, Plaintiff's ADA claim is moot as her alleged injury cannot be redressed by a favorable judicial decision.  Plaintiff's alleged injury has already been addressed she has been provided corrective surgery, and any judgment in her favor would not provide Plaintiff with any cognizable relief.

13

**IV.    Plaintiff's claims against the defendants in their individual capacities are not cognizable, as the ADA does not allow for recovery from individuals; Plaintiff's claim for punitive damages under the ADA is not cognizable as the ADA bars the recovery of punitive damages.**

The ADA does not impose liability upon individuals acting in their individual capacities. *Everson v. Leis,* 556 F.3d 484, 501 n.7 (6th Cir. 2009). Title II of the ADA does not, provide for suit against a public official acting in his individual capacity. *Id.* Furthermore, in *Barnes v. Gorman*, the Supreme Court held that "punitive damages may not be awarded in suits brought under the ADA. *Barnes v. Gorman,* 536 U.S. 181, 189 (2002). The Sixth Circuit has also held that "punitive damages are not available under §504 of the Rehabilitation Act, and so are not available . . . under Title II of the ADA. *Johnson v. City of Saline*, 151 F.3d 564, 573 (6th Cir. 1998); *Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir. 1996).

Here, Plaintiff has sued the Defendants in both their individual and official capacities. (Dk. # 1, Pg. ID 2-4). Consequently, the Americans with Disabilities Act does not impose liability upon individuals in their individual capacities. As a result, Plaintiff's request for relief fails to the extent she is requesting relief against the

14

Defendants in their individual capacities.  Furthermore, Plaintiff's complaint contains a request for punitive damages.  (Dk. # 1, Pg. ID 11). To the extent Plaintiff requests punitive damages as to her ADA claim, her request cannot be recognized.  The ADA does not allow for the recovery of punitive damages.

## RELIEF REQUESTED

WHEREFORE, Defendant MDOC respectfully requests that this Court grant its' motion and issue an order entering judgment in its favor, dismissing Plaintiff's complaint against it with prejudice, and awarding further relief as this Court finds just and proper.

Respectfully submitted,

Bill Schuette
Attorney General


*/s/ A. Peter Govorchin*
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
P31161

Dated:  April 21, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing as well as via US Mail to all non-ECF participants.

*/s/ A. Peter Govorchin*
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
govorchinp@michigan.gov
P31161

2015-0107135-A/Bruce, Cassandra/Motion to Dismiss